UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>JEFFREY LEGETTE. | No. 2:17-cr-504 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**:

This matter comes before the Court on a motion by Defendant Jeffrey Legette ("Defendant") for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the Covid-19 pandemic. ECF No. 47. Appointed counsel filed formal motion on his behalf. ECF No. 47. The Government to responded. ECF No. 48. The Defendant filed a *pro se* reply. For the reasons stated below, Defendant's motion is **DENIED**.

### I. BACKGROUND

Mr. Legette was initially arrested by local police on February 19, 2017 for this gun possession offenses and was released on local bail a few days later. Federal authorities assumed the prosecution of this matter on June 12, 2017. On June 4, 2018, Mr. Legette pled guilty to the gun charge and an obstruction offense and was sentenced on April 25, 2019 to a prison term of 92 months with three years of supervised released to follow. According to the BOP, Mr. Legette is scheduled for release on July 18, 2024 and scheduled to be released to home confinement on January 18, 2024.

### II. DISCUSSION

Mr. Legette does not have any medical conditions that are noted by the CDC to make him vulnerable to Covid-19. Defendant argues that he has participated in several rehabilitative programs and work opportunities, that he has incurred no disciplinary infractions, and that the nature of the prison environment enhances the likelihood that prisoners will transmit Covid-19.

Under 18 U.S.C. § 3582(c)(1)(A), a court may exercise its discretion and grant a defendant's motion to reduce his term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In light of the Covid-19 pandemic, "[t]he 'extraordinary and compelling reasons' inquiry logically has two components: (a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of

COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101 (KM), 2020 WL 4282747, at *3 (D.N.J. July 27, 2020); *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081, at *3 (D.N.J. Aug. 26, 2020) (quoting *Moore*).

As a threshold matter, the Court may hear Defendant's request for compassionate release because he has exhausted the administrative remedies available within the BOP. 18 U.S.C. § 3582(c); *see* Def. Br. at 2, ECF No. 47. As to the merits of the motion, the Court is sympathetic to Defendant's health concerns, but finds he has failed to demonstrate "extraordinary and compelling reasons" justifying his release. Legette concedes that his current medical condition is not an extraordinary and compelling reason to grant a sentence reduction as he does not claim it is recognized by the CDC.

### III. CONCLUSION

Defendant's motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED**.

An appropriate order follows.

_____
WILLIAM J. MARTINI, U.S.D.J.

Date: December 15, 2020