UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**JEFFREY LEGETTE.** | No. 2:17-cr-504 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    This matter comes before the Court on a motion by Defendant Jeffrey Legette ("Defendant") for reconsideration of his motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 53. The Court denied Mr. Legette's motion on December 16, 2020. ECF Nos. 50, 51. For the reasons stated below, the Court **DENIES** Legette's reconsideration motion.

## I.    BACKGROUND

    Mr. Legette was initially arrested by local police on February 19, 2017 for this gun possession offenses and was released on local bail a few days later. Federal authorities assumed the prosecution of this matter on June 12, 2017. On June 4, 2018, Mr. Legette pled guilty to the gun charge and an obstruction offense and was sentenced on April 25, 2019 to a prison term of 92 months with three years of supervised released to follow. According to the BOP, Mr. Legette is scheduled for release on July 18, 2024. On December 16, 2020, the Court denied Defendant's motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), finding that Legette conceded that his cited medical conditions were not extraordinary and compelling reasons to grant a sentence reduction. ECF No. 50 at 2.

## II.    DISCUSSION

    Mr. Legette apprises the Court of changed circumstances since the Court's December 2020 resolution of his motion for reduction in sentence. Legette states that in January 2021 he contracted Covid-19 and has since "experienced serious complications from the virus." Def.'s Recon. Mot. at 1. Legette reports that he has, as a consequence of Covid-19, experienced: (1) nerve damage; and (2) blood clots. There is no evidence in the medical records that Legette provided to the Court that he suffered from blood clots. On February 26, 2021, Legette was assessed to have "impingement syndrome of the shoulder." *Id.* Ex.A. On February 26, 2021, Legette reported a "'pinch in his back' from Covid." *Id.* His medical records from that date show that after falling on a wet floor, later that day, "he

felt the right side of his neck was locked up." *Id.* He had an x-ray that was normal. *Id.* Legette's medical records show that on March 18, 2021, he reported "pain in the right arm and shoulder causing numbness in the right hand." *Id.* He is treating that pain with over-the-counter pain medication. *Id.* Legette states that he "is scheduled to see an outside specialist, as the Federal Bureau of Prisons is not equipped to deal with the damage that Mr. Legette is experiencing as a result of the virus." *Id* at 1. Mr. Legette argues that he "needs medical care in which the medical staff [at FCI McKean] cannot provide." *Id.* at 3. That Legette is meeting with an outside specialist belies the notion that FCI McKean cannot address his specific medical needs. Legette laments that at FCI McKean he cannot select his physician and explains that if the Court were to grant his motion, he could receive treatment more efficiently. The Court finds that Legette has failed to make a showing that the Bureau of Prisons is unable to provide medical care necessary to treatment post-Covid-19 symptoms.

Legette states that "the administration at FCI McKean recklessly placed Mr. Legette in serious danger, jeopardizing his safety and health my failing to control an outbreak that began in October of 2020 and lasted until February 2021" and that this constitutes an independent basis for reconsidering his early release motion. *Id.* at 2. Mr. Legette's risk of facing serious health consequences from Covid-19 is substantially mitigated, having already contracted Covid-19 and paired with the wide availability of the FDA-approved vaccination. Consequently, he is limited to seeking retrospective relief. While the Court is sympathetic to Mr. Legette's changed family circumstances, it cannot premise a reduction in Mr. Legette's sentence of greater than half on these conditions.

### III. CONCLUSION

Defendant's motion for reconsideration of his motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 53, is **DENIED**.

An appropriate order follows.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 1, 2021**