UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**JEFFREY LEGETTE.** | No. 2:17-cr-504 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on the second *pro se* motion of Defendant Jeffrey Legette ("Defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 59. For the reasons set forth below, Defendant's motion is **DENIED**.

### I. BACKGROUND

After pleading guilty to a possession of firearm by a convicted felon and an obstruction offense, Defendant was sentenced on April 25, 2019 to concurrent terms of imprisonment of 92 months for each of the two counts with three years of supervised released to follow. In imposing sentence, the Court varied downward from the Advisory Guideline range of 100 to 120 months calculated by the U.S. Probation Office. According to the Government, Mr. Legette is scheduled for release on August 13, 2024. Defendant is currently incarcerated at FCI McKean in Pennsylvania ("McKean").

After exhausting administration remedies within the Bureau of Prisons ("BOP"), Defendant filed his first motion for compassionate release arguing, among other things, that he was at high risk if he contracted Covid and also sought to relieve his father from being the caregiver for Defendant's young son, who suffers from chronic medical issues. On December 16, 2020, the Court denied Defendant's first request for compassionate release finding that Defendant conceded that his cited medical conditions were not extraordinary and compelling reasons to grant a sentence reduction. ECF No. 50. Defendant moved for reconsideration, which the Court denied on September 1, 2021. ECF Nos. 54, 55. Defendant filed an appeal on October 6, 2021, which on January 6, 2022, the Third Circuit denied as untimely. ECF No. 58.

On December 27, 2021, the warden at McKean received Defendant's November 23, 2021 request for compassionate release based on his father's declining health and difficulty in continuing to care for his diabetic son. ECF No. 62. That request was denied on December 30, 2021 because Defendant did not show that his father was incapacitated and was the only person capable of caring for Defendant's son since Defendant had support from other family members. *Id.* On May 25, 2022, Defendant submitted to the warden another request for compassionate, indicating that his father was having heart surgery and listing his brother "who is a fireman" as his support. *Id.* On June 10, 2022, the warden denied Defendant's request for the same reasons previously noted.

Pending before the Court is Defendant's second motion for compassionate release, which the Government opposes.

## II. DISCUSSION

Pursuant to the First Step Act, the Court may grant a defendant's motion for compassionate release or a reduction in his sentence if the defendant shows that (1) he has exhausted all administrative remedies prior to seeking judicial review; and (2) compelling and extraordinary reasons exist to justify such release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Sellers*, No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020). As more than thirty days have passed since Defendant's requests to McKean for compassionate release, Defendant has exhausted his administrative remedies and the motion is properly before the Court. *See* 18 U.S.C. § 3582(c).

Once the exhaustion requirement has been met, the Court may grant a motion to modify an imposed term of imprisonment if the defendant shows that extraordinary and compelling reasons exist to justify such release and "such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A prisoner seeking to establish "extraordinary and compelling reasons" for compassionate release due to Covid, must show "(a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101, 2020 WL 4282747, at *3 (D.N.J. July 27, 2020).

If extraordinary and compelling reasons exist, the Court must then consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of the defendant's release. 18 U.S.C. § 3582(c)(1)(A); *see, e.g., United States v. Pawlowski*, 967 F.3d 327, 329- 30 (3d Cir. 2020). Those factors include but are not limited to: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the sentencing range established for the applicable category of offense"; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes; and "the need to avoid sentence disparities." 18 U.S.C. § 3553(a). "[A] grant of compassionate release is a purely discretionary decision." *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), *cert. denied*, No. 21-1208, 2022 WL 994375 (U.S. Apr. 4, 2022).

### A. Extraordinary and Compelling Circumstances

Defendant contends that the extraordinary and compelling reasons for his early release are that his 12-year old son has severe diabetes and is in the care of Defendant's father, age 63, who can no longer drive, has recently had a pacemaker put in, and "in his old age" finds it a "virtual impossibility" to "keep[] up with [Defendant's son's] diabetes, testing his blood sugar all hours of the day and night." Def.'s Mot. at 2. Defendant also argues that there are no other family members who can provide care for his son even though he acknowledges having "strong support from family and friends." *Id.* at 8. Additionally, Defendant claims that his fear of

contracting Covid is more punitive than an ordinary day in prison, that apart from a single non-violent disciplinary infraction, he has a "near spotless disciplinary record" and that he has already completed his educational, vocational, or other correctional training. As discussed below, these circumstances, individually and taken as a whole, do not constitute extraordinary and compelling reasons justifying Defendant's early release.

First, Defendant's family circumstances do not rise to the level of "extraordinary and compelling reasons" warranting early release. Defendant has not provided medical documentation to show that his father is incapacitated and cannot continue to care for Defendant's son. *See* Application Note 1(C), U.S.S.G. § 1B1.13.[1] In fact, "[m]any people with pacemakers can return to their regular activities within a few days" of surgery. National Institutes of Health, National Heart, Lung, and Blood Institute, "Pacemakers," https://www.nhlbi.nih.gov/health/pacemakers (last visited Feb. 24, 2023). Additionally, even if, for example, Defendant's father cannot drive, Defendant has support in the community including from his daughter's mother, aunts, uncles, and a brother who is a fireman. *See* Gov't Opp. Ex. at 1, 6. Although Defendant notes that such information is from a presentencing report six years ago, Defendant does not contend that he no longer has their support. Even if none of those relatives can be the *primary* caregiver for Defendant's son, there is no evidence that they cannot help Defendant's father in caring for Defendant's son.

Second, the fear of contracting Covid does not constitute "compelling and extraordinary reasons" warranting compassionate release or a reduction in Defendant's sentence. If fear of Covid or a correctional institution's safety measures to reduce the spread of Covid alone justified an inmate's release and reduction of sentence, every federal inmate could raise these claims. Section 3582(c)(1)(A) does not contemplate this result. In any event, Defendant has not shown that he is at greater risk of contracting Covid-19 at McKean. At the time of drafting of this decision, McKean had only 4 confirmed active cases of Covid among inmates and none among staff. *See* BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last accessed March 14, 2023). The BOP also has modified operations to mitigate the spread of Covid. *See* BOP: BOP's COVID-19 Modified Operations (last accessed February 27, 2023); *see also United States v. Jefferson*, No. 21-2020, 2021 WL 4279626, at *2 (3d Cir. Sept. 21, 2021) ("'[t]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.'" (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Finally, although Defendant's single infraction during his current incarceration was non-violent and Defendant's efforts at educational, vocational, or other training are commendable, the Court finds that Defendant's rehabilitation does not constitute extraordinary and compelling

---

[1] The Court is not bound by U.S.S.G. § 1B1.13, as it has not been amended since passage of the First Step Act and expressly applies to motions filed by the BOP rather than a defendant. *See United States v. Herrera-Genao*, 2021 WL 2451820, at *4 (D.N.J. June 16, 2021), *appeal pending*; *United States v. Brooker*, 976 F.3d 228, 235-36 (2nd Cir. 2020); *United States v. Carr*, 851 Fed. App'x. 848, 853 (10th Cir. 2021). Nevertheless, "it [is] within the district court's discretion to conclude the application notes to U.S.S.G. § 1B1.13 still provide[] the best definition and description of "extraordinary and compelling reasons." *Carr*, 851 F. App'x. at 853.

reason. *See* U.S.S.G. 1B1.13, Application Note 3; *United States v. McNair,* 481 F. Supp. 3d 362, 370 (D.N.J. 2020).

In sum, Defendant has not demonstrated extraordinary and compelling reasons to justify granting compassionate release.

### B. The 18 U.S.C. § 3553(a) Factors Disfavor Defendant's Release

Even if extraordinary and compelling reasons warranted a reduction, the Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against Defendant's early release. At the time of Defendant's sentencing, the Court expressed a need to impose a sentence that would reflect the seriousness of the offense, a concern for the Defendant's criminal history, and emphasized adequate deterrence from future criminal conduct. Considering that the Court varied downward from the Guideline range when imposing sentence and the nature of the offense committed, the Court finds that reduction is not justified. *See Pawlowski,* 967 F.3d at 330-31 (upholding lower court's decision that substantial sentencing reduction which would result from grant of compassionate release would be inconsistent with § 3553(a) factors). Releasing Defendant now would simply fail to either recognize the seriousness of the offense for which Defendant is incarcerated or promote respect for the law. *See United States v. Tull,* No. 15-622, 2020 WL 6336180, at *4 (D.N.J. Oct. 29, 2020).

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED**.

An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: March 14, 2023

4